**BANCOL Y CIA. S. EN C.,
et al., Plaintiffs,**

v.

**BANCOLOMBIA S.A., et
al., Defendants.**

**No. 99CIV.2216(JSR).**

United States District Court,
S.D. New York.

Dec. 18, 2000.

Dale A. Schreiber, Proskauer, Rose L.L.P., New York, NY, for plaintiffs.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

By Orders dated August 11, 1999 and December 14, 1999, the Court stayed this action and compelled arbitration pursuant to Clause Seventeenth of the August 1997 contract (the "Contract") that is the sub-

ject of this litigation.[1] *See* Affirmation of Marc J. Goldstein, dated September 11, 2000, Ex. A (the Contract). The arbitration has not yet commenced, however, because the parties have been unable to agree on selection of the arbitrators. Anticipating such an impasse, Clause Seventeenth of the Contract provides that, "[a]s a last resort," the Santafé de Bogota Chamber of Commerce ("Chamber of Commerce") will select the arbitrators, who, in turn, "must be Colombian lawyers of recognized prestige, with not less than 10 years' experience in the private practice of law or in the judiciary."

■ In the teeth of this clear provision and the Court's prior orders, plaintiffs have returned to this Court seeking to have this Court hold, prior even to selection of the arbitration panel, that arbitration of the parties' dispute must proceed under the rules of the Inter–American Commercial Arbitration Commission ("IA-CAC"), as made applicable by the Inter–American Convention on International Commercial Arbitration ("Panama Convention"). *See* 9 U.S.C. § 301 (1994) (notes).[2] However, even though an order compelling arbitration does not divest a district court of jurisdiction over the underlying case, *see e.g. The Anaconda v. American Sugar Refining Co.*, 322 U.S. 42, 44, 64 S.Ct. 863, 88 L.Ed. 1117 (1944), the court's authority to direct or oversee that arbitration is narrowly confined. *See, e.g., Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir.1980); *Compania Panemena Maritima San Gerassimo, S.A. v. J.E. Hurley Lumber Co.*, 244 F.2d 286, 288 (2d Cir.1957). In particular, it has little or no power to afford interlocutory review of procedural matters, let alone to determine at the outset what procedural rules are to be applied. *See generally, Prima Paint Corp. v. Flood & Conklin Mfg.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *John Wiley & Sons v. Livingston*, 376 U.S. 543, 557, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). Rather, "[o]nce it is determined... that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *See John Wiley & Sons*, 376 U.S. at 557, 84 S.Ct. 909.

■ Moreover, given the Court's prior orders, this is no longer a case in which arbitrability is itself an issue. *Cf. First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Rather, the Court has already remitted the case for arbitration pursuant to Clause Seventeenth, which requires arbitration of "any disputes that might arise between the contracting parties in connection with the making, validity, interpretation, execution and termination of the within Contract." This broad arbitration clause inherently subsumes the right of the arbitrators to determine what procedural rules apply, subject only to whatever limited review is available once the arbitrators have issued their final determination. *See generally, AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986); *United Steelworkers of America v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 584–85, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

Accordingly, plaintiffs' application is denied and the parties are ordered to proceed immediately with the selection of arbitrators under Clause Seventeenth of the Contract. Any further delay by plaintiffs

---

1. The underlying facts of the case are set forth in the Memorandum Order of August 11, 1999, *see Bancol Y Cia. S. En C. v. Bancolombia S.A.*, 61 F.Supp.2d 1, 1–2 (S.D.N.Y.1999), familiarity with which is here presumed.

2. In somewhat misleading fashion, plaintiffs have variously styled their instant application as a motion for "clarification," *see* plaintiffs' letter of August 24, 2000, and as a "Motion to Compel Arbitration In Accordance with Arbitration Agreement and to Enjoin Arbitration of Non–Arbitrable Issues."

would raise obvious questions of their good faith.

SO ORDERED.